[No. 5,945.]

## SALTER v. BAKER ET AL.

MORTGAGE—RESULTING TRUST—SUPERIOR EQUITY—MAXIMS.—The maxim " *qui prior est tempore, potior est jure* " only applies where the equities are equal; otherwise, preference is given to the superior equity. Accordingly, where B. and S. purchased land, each contributing equally to the purchase-money, and the conveyance was taken to B.; and B.—after having, with the consent of S., conveyed the land, in trust, to secure a debt—mortgaged it, without such consent, to a mortgagee, who took without notice of the trust: *Held*, that the equity of the mortgagee was superior to that of S., and that the latter should be postponed to the former.

APPEAL from so much of a judgment for defendants as is in favor of the defendant, the Bank of California, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*Roche & Robinson*, for Appellants.

It is admitted, that a *bona fide* purchaser or mortgagor takes a title free from all latent equities. But to constitute a *bona fide* purchaser, the title purchased must be apparently perfect, good at law, a vested title in fee simple. A *bona fide* purchaser means one who is the purchaser of the legal or apparent legal estate, and a purchaser of an equitable estate, who makes the purchase with his eyes open, and knowing it to be such, comes not within the definition; and when the legal estate is outstanding, equitable rights or incumbrances must be upheld or discharged according to their priority in time. The purchaser of an equity is bound to take notice of any prior equity, and holds his title subject to all the countervailing equities to which it was subject in the hands of the vendor.

In this case, the deeds of trust to Burr and Dean conveyed the legal title, and the mortgage was of a mere equity. The claims of the Bank of California and the plaintiff are, therefore, both purely equitable; and, in such case, the maxim applies, " *qui prior est tempore, potior est jure.*"

*Wilson & Wilson*, and *W. W. Cope*, for Respondent.

Department No. 1, Ross, J.:

In 1866, plaintiff and the defendant Baker purchased, for their joint benefit, the lands mentioned in the pleadings—the two contributing equally to the payment of the purchase-money. By mutual agreement between the parties, conveyances of the property were executed to Baker, who afterward, with plaintiff's knowledge and acquiescence, obtained from the defendant, the Savings and Loan Society, loans to the amount of $19,000,

which were expended in the improvement of the property, and which were secured by trust deeds thereon executed by Baker to the defendants Burr and Dean, with power in them to sell, upon default in the covenants, to satisfy the debt, charges, etc., to make deeds to the purchasers; and providing for the payment of the surplus, if any, to Baker.

In addition to the sum above mentioned, Baker also obtained from the Savings and Loan Society, upon the same security, four thousand five hundred dollars, without plaintiff's knowledge, which he appropriated to his own use. Two of the trust deeds have been satisfied, and two have not. Those remaining in force were executed January 16th, 1871, and November 17th, 1871, respectively, and when executed were duly recorded.

On the 26th of September, 1874, Baker executed to the defendant, the Bank of California, in consideration of loans made to him by the bank, a note for $10,000, together with a mortgage upon the same premises, to secure its payment, which mortgage was at the time properly recorded. The plaintiff at no time exercised any control or authority over the property, nor was his interest therein evidenced by any writing. On the contrary, the property was assessed to and the taxes thereon paid by Baker, and the latter, from the time of the conveyance to him in 1866, until after the commencement of this action, always claimed and dealt with the property as his own. The bank had no notice of any interest in plaintiff, and made the advances to and accepted the note and mortgage from Baker upon the faith of his asserted and apparent title, and under the belief that he was the sole owner of the property.

The action being brought to obtain a sale of the property, and a distribution of the proceeds among the parties entitled thereto, the Court below decreed a sale, and directed that out of the proceeds, after paying costs and expenses, and the amount due the Savings and Loan Society, the Bank of California should be next paid the amount of its note and mortgage, thus postponing the plaintiff to the bank.

To this portion of the decree the plaintiff excepted, and brings this appeal, relying upon the maxim " *qui prior est tem-*

*pore, potior est jure,"* as applicable to and decisive of the question in the case.

But we understand the rule contended for to apply only where the equities are in other respects equal.

It is so stated by Judge Story, (1 Story's Eq. Jur. § 64 *d*, Redfield's ed.) and the same principle is embodied in our Civil Code (Code Civ. Proc. § 3525).

Judge Story, in the same section, adds that "whenever the equities are unequal, there the preference is constantly given to the superior equity." (See also, Jeremy's Eq. Jur. 285, 286.)

There can be no doubt that the equities of the bank are superior to those of the plaintiff, who voluntarily permitted the title to the property to be placed in the name of Baker, and for a long series of years allowed him to appear as its absolute legal and equitable owner, and in all respects to deal with it as his own. The bank, ignorant of any interest in plaintiff, and relying upon the apparent ownership of Baker, loaned him its money, and should in good conscience be protected against the now asserted claim of plaintiff. (*Rice* v. *Rice*, 2 Drew. 73; *Pickard* v. *Sears*, 6 Ad. & E. 469; *McNeil* v. *Tenth National Bank*, 46 N. Y. 325; Code Civ. Proc. § 3543.)

Judgment affirmed.

McKinstry, J., and McKee, J., concurred.